ACCEPTED
03-14-00044-CR
6228262
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/27/2015 10:10:50 AM
JEFFREY D. KYLE
CLERK

NO.    03-14-00044-CR

IN THE COURT OF APPEALS
FOR THE
THIRD SUPREME JUDICIAL DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/27/2015 10:10:50 AM
JEFFREY D. KYLE
Clerk

NO. CR-12-0771

IN THE 22ND DISTRICT COURT
OF HAYS COUNTY, TEXAS

JOHN FREDERICK ZEDLER,
APPELLANT

V.

STATE OF TEXAS,
APPELLEE

APPELLANT'S MOTION FOR REHEARING

LINDA ICENHAUER-RAMIREZ
ATTORNEY AT LAW
1103 NUECES
AUSTIN, TEXAS 78701
TELEPHONE:   512-477-7991
FACSIMILE:   512-477-3580
EMAIL:   ljir@aol.com
SBN:   10382944


ATTORNEY FOR APPELLANT

**GROUND FOR REHEARING NUMBER ONE**
**THE COURT OF APPEALS ERRED WHEN IT SAID THAT THE RECORD DID NOT REFLECT THE LENGTH OF TIME BETWEEN WHEN APPELLANT'S SON TOLD THE DETECTIVE THAT APPELLANT WOULD LIKE TO SPEAK WITH HIM AND WHEN THE DETECTIVE INTERVIEWED APPELLANT THE SECOND TIME.**

In its opinion the panel of the Third Court of Appeals concluded that appellant initiated the second interview with Detective Floiran. The panel then wrote the following:

> "There was no evidence presented at trial concerning the length of time between when Brandon told Floiran that Zedler would like to speak with him and when Floiran interviewed Zedler the second time. Therefore, there was no evidence that the police failed to timely act on Zedler's initiation or were responsible for any delay in conducting Zedler's second interview." (slip opinion, p. 6)

This statement is totally wrong. The record reflects that a hearing was held on appellant's motion to suppress outside the presence of the jury on December 9, 2013, immediately after jury selection. (R.R. II, p. 267-328) During that hearing the court heard testimony from Brandon Zedler, appellant's son, who testified that he asked Detective Floiran to talk to appellant (his father) a second time. (R.R. II, pp. 272-282) Detective Floiran also testified during the hearing and told the court about his two interviews with appellant. He testified that appellant invoked his counsel during the first interview. (R.R. II, pp. 285-295) During his testimony he testified that he went to the jail to talk to appellant the second time after

2

Brandon told him that his father did not remember a lot about what had happened and had questions and wanted to talk to the detective. (R.R. II, pp. 296-298, 303-304) During the hearing the trial court watched the video of the detective's first interview with appellant. (R.R. II, pp. 313-322) The court then asked the parties about the circumstances of the second interview and following occurred:

"THE COURT: And what's the time frame between this event where he says he wants his lawyer to when the second interview takes place?

"MR. ERSKINE: The second interview took place –

"THE COURT: What's the time frame?

"MS. MCDANIEL: From the 22nd of June to the 11th of July.

MR. ERSKINE: Thank you. Correct.

MS. MCDANIEL: Or maybe after midnight. Maybe the 28th of June, but, what ever.

MR. ERSKINE: Right. So a matter of two weeks, approximately.

THE COURT: July what?

MS. MCDANIEL: The 11th.

MR. ERSKINE: Of 2012." (R.R. II, p. 323)

The next morning the trial court watched the video of the second interview and then ruled that it would allow the video of the second interview to be

seen by the jury, noting that the second interview occurred two weeks after the first interview.    (R.R. III, pp. 16-20)

Appellant asks the Court to re-examine his case in light of the fact that the record does contain evidence that there was a two week delay between Brandon's conversation with the detective and the detective talking to appellant.   During this two week time span, appellant made no effort to tell anyone that he wanted to speak to authorities about his case.    Appellant's actions during that time certainly do not show a willingness and a desire to talk to the authorities about his case.    Appellant's situation is very similar to the situation in United States v. Whaley, 13 F.3d 963 (6th Cir. 1994).    In Whaley, there was a three week interval between Whaley making an ambiguous request to talk to an officer about his arrest and then being re-interviewed by law enforcement during which he made a statement. On appeal, the issue before the Sixth Circuit was whether or not Whaley's request to talk to the officer was an actual re-initiation of contact with law enforcement.    The deciding factor for the Sixth Circuit was the length of time between Whaley's request and the second interview coupled with Whaley's conduct during that three week interval:

> "However, in the present case, we do not need to decide this question, because after this exchange nothing happened for three weeks.   The authorities did not contact Whaley, and Whaley made no effort to tell anyone – including agent Anderson – that he wanted to talk about the case.    Whether or

4

not Whaley's exchange with Waggoner might have at the time constituted an *Edwards* initiation, given that Whaley did nothing else during the succeeding three-week period, his actions certainly do not show a willingness and a desire to speak generally about the case. Therefore, as in *Edwards*, when Anderson removed Whaley from his cell and interrogated him without counsel present, he violated Whaley's constitutional rights." 13 F.3d at 968.

Appellant asserts that <u>Whaley</u> should govern his case. The evidence affirmatively shows that there was a two week delay between Brandon's request to the detective and the detective pulling appellant out of his cell and taking him in for the second interview. Appellant did nothing during this two week interval to indicate that he had a willingness and desire to speak to the detective about his case.

Appellant did not reinitiate contact with the detective. The detective's second interview with appellant was in violation of <u>Edwards v. Arizona</u>, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). This ground for rehearing should be granted.

Respectfully submitted,

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ
ATTORNEY AT LAW
1103 NUECES
AUSTIN, TEXAS 78701
TELEPHONE: 512-477-7991
FACSIMILE: 512-477-3580
EMAIL: ljir@aol.com
SBN: 10382944

ATTORNEY FOR
APPELLANT ON APPEAL


## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this motion for rehearing contains 1,051 words, as calculated by the word count function on my computer and is prepared in Times New Roman 14 point font.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Appellant's Motion for Rehearing was e-served to the Hays County District Attorney's Office on this the 27th day of July, 2015.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ